**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2365
_____

TYREE LAWSON,
Appellant

v.

TAMMY FERGUSON, SCI Graterford Facility Manager;
DOMBROSKI, SCI Forest Lieutenant;
SERGEANT HELLERMAN; WONDERLAND;
THORN, Correctional Officer(s); WAYNE HARRIGER;
BRETT THORNTON, In their Individual Capacities
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:19-cv-01739)
District Judge: Honorable Gerald A. McHugh

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on April 3, 2023

Before: SHWARTZ, BIBAS, and PHIPPS, Circuit Judges

(Opinion filed: April 4, 2023)

_____

_____

OPINION[*]
_____

PER CURIAM

Pro se appellant Tyree Lawson appeals from the judgment of the United States District Court for the Eastern District of Pennsylvania in his 42 U.S.C. § 1983 action. We will affirm the judgment of the District Court.

Lawson is a prisoner in the Pennsylvania Department of Corrections who, in 2018, was transferred from State Correctional Institution – Graterford to State Correctional Institution – Phoenix. In 2019, Lawson filed suit pursuant to 42 U.S.C. § 1983, raising claims of retaliation, access to the courts, and due process related to the destruction of his legal materials during his transfer. Defendants filed a motion to dismiss for failure to state a claim, and the District Court granted it, concluding that Lawson failed to state a retaliation claim, as he did not allege a causal connection between his protected conduct and the loss of his property; failed to show any actual injury or lost remedy related to his access-to-courts claim; and could not assert a plausible due process claim because the prison's grievance procedure provided an adequate post-deprivation alternative remedy. All claims were dismissed with prejudice, except the access-to-courts claim related to Lawson's pending civil suits against various prison officials, which was dismissed without prejudice.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Lawson filed a third amended complaint related to the remaining access-to-courts claim, alleging that the loss of his legal materials caused him to lose arguable legal claims in four civil rights suits that were pending in the United States District Court for the Western District of Pennsylvania. The District Court concluded that Lawson failed to demonstrate any actual injury, and it dismissed the complaint with prejudice. Lawson filed a motion for reconsideration, which was denied. He now appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the decision to grant defendants' motion to dismiss. See Talley v. Wetzel, 15 F.4th 275, 286 n.7 (3d Cir. 2021). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (cleaned up). We review the denial of a motion for reconsideration for an abuse of discretion. Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

First, we agree with the District Court that Lawson failed to state a retaliation claim. To sustain a retaliation claim, an inmate must demonstrate that: (1) he engaged in constitutionally protected conduct; (2) he suffered adverse action; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. See Rauser v. Horn, 241 F.3d 330, 333–34 (3d Cir. 2001). An adverse action must be sufficient "to deter a person of ordinary firmness" from exercising his constitutional rights. See Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000) (cleaned up). There is no dispute that Lawson's grievances and lawsuits qualify as constitutionally protected conduct. See Watson v. Rozum, 834 F.3d 417, 422–23 (3d Cir. 2016); Anderson v. Davila, 125 F.3d 148,

3

161 (3d Cir. 1997). Lawson also made a prima facie showing that he suffered adverse action when his legal materials were destroyed, as having legal materials destroyed during the course of active litigation is more than a de minimis consequence. See Watson, 834 F.3d at 423.

However, as the District Court determined, Lawson failed to show that his grievances and lawsuits were "a substantial or motivating factor" for the adverse action. Because motivation is almost never subject to proof by direct evidence, Lawson may rely on circumstantial evidence to prove a retaliatory motive, and he "can satisfy his burden with evidence of either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing that suggests a causal link." Id. at 422.

Lawson did not allege an unusually suggestive temporal proximity between his grievances and lawsuits and the destruction of his legal property. As the District Court noted, the grievances referenced in Lawson's amended complaint were filed between 2014 and 2017, between one and four years before his materials were lost, which was "too remote to suggest a retaliatory motive." See id. at 423 (two years too remote to suggest retaliatory motive); cf. Lichtenstein v. Univ. of Pittsburgh Med. Ctr., 691 F.3d 294, 307 (3d Cir. 2012) (seven days sufficient to show retaliatory motive at the prima facie stage).

Lawson also failed to demonstrate a pattern of antagonism that suggested a causal link. While Lawson alleged that he filed about 39 grievances against various DOC employees, he only referenced one previous grievance filed against a named defendant—a grievance against Harriger related to a search of Lawson's cell in 2014—and supplied

4

nothing beyond speculation as support for his contention that his property was destroyed in retaliation for that grievance.[1]  See Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009) (concluding that a bald allegation that the defendants' actions were motivated by discriminatory animus was not entitled to the presumption of truth).  Without more, the fact that Lawson previously filed grievances and lawsuits against other prison employees does not "reflect more than a sheer possibility" that the defendants acted in retaliation when they lost or destroyed his legal materials.  Oliver v. Roquet, 858 F.3d 180, 192 (3d Cir. 2017) (cleaned up).

We also agree with the District Court's conclusion that Lawson failed to state a claim that the deprivation of his legal property resulted in the denial of his right to access the courts.  To prevail on his access-to-courts claim, Lawson was required to show that the denial of access caused "actual injury," Lewis v. Casey, 518 U.S. 343, 349–55 (1996), which occurs when a prisoner demonstrates that he lost an arguable, nonfrivolous claim because of the denial of access to the courts, Christopher v. Harbury, 536 U.S. 403, 415 (2002).  The "actual injury" requirement "is not satisfied by just any type of frustrated legal claim," and is instead limited only to actions "that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement."  Lewis, 518 U.S. at 354–55.

_____

[1] Lawson alleged that Ferguson had knowledge of his active litigation against other prison employees and, after learning about the destruction of his property, told Lawson that he now had something "real" to grieve about.  However, Lawson did not allege that Ferguson was personally involved in destroying his property, and we agree with the District Court that her after-the-fact statement about the merit of his past grievances does not adequately show retaliation.

In its two orders, the District Court dismissed access-to-courts claims concerning a variety of underlying actions. In his appellate brief, Lawson focuses on claims involving four actions. First, Lawson argued that the deprivation of his materials—including evidence log sheets, forensic reports, police interviews, and legal research—frustrated his ability to seek resentencing and to challenge DNA evidence in his underlying criminal case, Commonwealth v. Lawson, CP-46-CR-0000542-2009. This claim was properly dismissed, as Lawson did not allege specific facts demonstrating that his challenges were arguable or nonfrivolous. See Monroe v. Beard, 536 F.3d 198, 205–06 (3d Cir. 2008) (per curiam) (explaining that prisoners must "describe the underlying arguable claim well enough to show that it is more than mere hope" (cleaned up)).

Second, Lawson argued that the destruction of his entire case file, a copy of his slip to attend the law library on a certain date, and a copy of the library rules hindered his ability to object to the Magistrate Judge's Report and Recommendation in Lawson v. Barger, W.D. Pa. Civ. No. 1:17-cv-00097, a § 1983 action in which Lawson claimed his right to access the courts was violated when prison officials refused to allow him to attend a scheduled session in the prison law library. As the District Court determined, the missing documents would not have made any difference where the Magistrate Judge accepted Lawson's contention that he was denied access to the library but rejected the claim because he had not shown how the revocation of a single library session had prejudiced him.[2] See

---

[2] And while Lawson suggested that he needed the case file to show that he had not alleged retaliation, there appears to have been no dispute about whether he brought such a claim, considering the Magistrate Judge's conclusion that Lawson had either not asserted or had abandoned a retaliation claim. See W.D. Pa. Civ. No. 1:17-cv-00097, ECF No. 29 at 6 n.2.

6

Monroe, 536 F.3d at 206 & n.9 (concluding that allegations were unavailing where the plaintiffs failed to plead facts showing that the confiscated materials "were critical to pursing" their claims or that their claims "may no longer be pursued as a result of" the state action); see also Jones v. Van Lanen, 27 F.4th 1280, 1288 (7th Cir. 2022) (rejecting claim because plaintiff failed to show that "the confiscation and destruction of [his] documents created any meaningful impediment to the three claims [he] sought to bring to court").

Third, Lawson alleged that the destruction of certain mail tracking sheets hindered his success in Lawson v. Overmyer, W.D. Pa. Civ. No. 1:17-cv-00038, a § 1983 action involving the handling of his legal mail (specifically, a notice of permission to appeal), and delayed the resolution of his appeal to this Court in that case. As the District Court determined, the mail tracking sheets would not have made any difference in the § 1983 action, considering that the court in that case had accepted Lawson's contention that he had not received the notice of permission to appeal in time to submit a timely appeal but had determined that he could not show that the delay in receiving the notice had caused any actual injury. See W.D. Pa. Civ. No. 1:17-cv-00038, ECF No. 116 at 5–7; see also Monroe, 536 F.3d at 206 & n.9. And regarding his appeal to this Court, Lawson's vague and conclusory assertions did not establish how the missing mail tracking sheets delayed this Court's decision, let alone that delayed access to the courts was equivalent to a lost remedy. See Christopher, 536 U.S. at 415.

Fourth, Lawson alleged that the destruction of his cell transfer paperwork and related affidavit prevented his success in Lawson v. Crowther, W.D. Pa. Civ. No. 1:17-cv-00039, a § 1983 action alleging that prison officials retaliated against him by moving his

7

cell and making other adverse housing decisions.  As the District Court noted, that case was fully briefed before his legal materials were destroyed, meaning that Lawson could have submitted those documents to support his claims, and, regardless, Lawson could not establish that the missing documents were material to the success of his claim, given that the court accepted Lawson's allegations about his cell assignments and determined that such assignments did not constitute "adverse actions" as a matter of law.  See W.D. Pa. Civ. No. 1:17-cv-00039, ECF Nos. 71 at 7–9 and 75; see also Monroe, 536 F.3d at 206 & n.9.

Lawson's due process claim also fails.  "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural require-ments of the Due Process Clause of the Fourteenth Amendment if a meaningful postdepri-vation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984). Because the DOC grievance procedure provides an adequate post-deprivation remedy, see, e.g., Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000), Lawson failed to state a due process claim.[3]

Finally, the District Court did not abuse its discretion in denying reconsideration. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence," and a proper motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability

---

[3] Even if the prison's grievance procedures were inadequate to address Lawson's claims, state tort law could serve as an adequate post-deprivation remedy.  See 42 Pa. Cons. Stat. Ann. § 8522(b)(3).

of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam) (cleaned up). Lawson argued in his motion for reconsideration that the District Court had erroneously considered matters outside the scope of its review. The District Court properly rejected this claim and denied the motion. See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (explaining that, in deciding a motion to dismiss, courts generally consider "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record").

Accordingly, we will affirm the judgment of the District Court.